**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 1:22-CR-20306-DPG-2**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**LUIS FERNANDO VUTEFF,**

     **Defendant.**

_____/

## DEFENDANT'S UNOPPOSED MOTION TO SEAL HIS REQUEST FOR HEARING ON THE GOVERNMENT'S UNOPPOSED MOTION TO REDUCE HIS SENTENCE PURSUANT TO FED. R. CRIM. P. 35(B)

Defendant, **LUIS FERNANDO VUTEFF** ("**Mr. Vuteff**"), by and through undersigned counsel, and pursuant to Southern District of Florida Local Rule 5.4, hereby files this Unopposed Motion to Seal his Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b), and in support thereof, states as follows:

### I.     PROCEDURAL HISTORY

1. On May 1, 2024, Mr. Vuteff was charged by Superseding Information with one (1) count of conspiracy to engage in monetary transactions in property derived from a specified unlawful activity, in violation of 18 U.S.C. §§ 1956(h) and 1957(a) (Count 1). (D.E. 141).

2. On May 14, 2024, Mr. Vuteff pled guilty to Count 1 of the Superseding Information. (D.E. 145).

3. On December 17, 2024, the Court sentenced Mr. Vuteff to, <u>inter alia</u>, thirty (30) months of incarceration and two (2) years of supervised release. (D.E. 185).

4. On March 24, 2026, the Court extended Mr. Vuteff's surrender date to April 29, 2026, based on his continuing cooperation with the Government in various investigations. <u>See</u> March 24,

2026 Sealed Paperless Order Granting Defendant's Unopposed Motion to Extend Surrender Date. (D.E. 216).

5.      As more fully described in Mr. Vuteff's Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b), Mr. Vuteff is requesting a brief hearing to provide the Court with a complete explanation of the extent, nature, quantity, and quality of his cooperation.

6.      Given the confidential nature of some of the information within Mr. Vuteff's written request for a hearing, he respectfully requests that the Court seal same.

7.      Should the Court grant this Unopposed Motion to Seal, Mr. Vuteff requests that his Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b) remain sealed for at least two (2) years after the conclusion of this matter.

## II.      MOTION TO SEAL

Ordinarily, "[t]he press and public enjoy a qualified First Amendment right of access to criminal trial proceedings. Open criminal proceedings have been an 'indispensable attribute of an Anglo-American trial' for centuries." Unites States v. Ochoa-Vasquez, 428 F. 3d 1015, 1028-29 (11th Cir. 2005) (citations omitted). However, both the common-law and First Amendment right of access to court documents and filings "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." United States v. Steinger, 626 F. Supp. 2d 1231, 1234 (S.D. Fla. 2009).

To determine whether a party has shown good cause, "[F]ederal [C]ourts consider factors such as 'whether allowing access would impair [C]ourt functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials

or public concerns, and the availability of a less onerous alternative to sealing the documents.'" Id. (quoting Romero v. Drummond Co., 480 F. 3d 1234, 1246 (11th Cir. 2007)).

"Despite the First Amendment right of access, a document can be sealed if there is a compelling governmental interest and the denial of access is 'narrowly tailored to serve that interest.'" See In re Sealed Search Warrant, 622 F. Supp. 3d 1257, 1261 (S.D. Fla. 2022) (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 606 (1982)). "Protecting the integrity and secrecy of an ongoing criminal investigation is a well-recognized compelling governmental interest." Id. at 1262 (citing United States v. Valenti, 987 F.2d 708, 714 (11th Cir. 1993)). "In the context of an ongoing criminal investigation, the legitimate governmental concerns include whether: (1) witnesses will be unwilling to cooperate and provide truthful information if their identities might be publicly disclosed; (2) law enforcement's ability to use certain investigative techniques in the future may be compromised if these techniques become known to the public; (3) there will be an increased risk of obstruction of justice or subornation of perjury if subjects of investigation know the investigative sources and methods; and (4) if no charges are ultimately brought, subjects of the investigation will suffer reputational damage." Id.

Sealing Mr. Vuteff's Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b) will not impede the public's right of access to criminal proceedings. The matter sub judice does not involve a public official or issue of public concern, and the Court's functions will not be impaired by sealing Mr. Vuteff's Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b).

In addition, Mr. Vuteff's Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b) is predicated on his cooperation with several

domestic and international criminal investigations. As such, Mr. Vuteff respectfully submits that there exists a compelling governmental interest for sealing the same.

### III.    CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9(A)

Undersigned counsel has conferred with Assistant United States Attorney Nalina Sombuntham, who advised that the Government has **no objection** to the relief requested herein.

### IV.    CONCLUSION

**WHEREFORE,** Defendant, **LUIS FERNANDO VUTEFF**, respectfully requests this Court grant his Unopposed Motion to Seal his Request for a Hearing on the Government's Unopposed Motion to Reduce his Sentence Pursuant to Fed. R. Crim. P. 35(b), and such other relief as is just and proper.

Respectfully submitted,

**GRAYROBINSON, P.A.**
Attorneys for Defendant
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
brian.bieber@gray-robinson.com
alek.ubieta@gray-robinson.com

By:    s/Brian H. Bieber
        BRIAN H. BIEBER
        Florida Bar #8140

By:    s/Alek Ubieta
        ALEK UBIETA
        Florida Bar #1039546

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 13, 2026, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to

all counsel of record.

s/Brian H. Bieber
BRIAN H. BIEBER

s/Alek Ubieta
ALEK UBIETA